**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40959
Summary Calendar

JAMES EARL MANKINS, JR.,

Plaintiff-Appellant,

VERSUS

DAN MORALES, Attorney General; SHANE PHELPS; MACK COBBS; LUCIEN C. HAAG;
I.C. STONE; GEORGE KEINY; STUART DOWELL; GLENN ELLIOT,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

(6:97-CV-920)

April 29, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James Earl Mankins, a federal inmate, filed suit against the named defendants under 42
U.S.C. § 1983, alleging violations of his civil rights. Mankins contends that prior to being
convicted of the narcotics violations for which he is currently imprisoned, the defendants violated
his civil rights by wrongfully prosecuting him for a murder that he did not commit. A magistrate
judge reviewed the complaint and recommended that it be dismissed as frivolous. The district
court adopted this recommendation, and the suit was dismissed. Mankins now appeals.

After the magistrate judge made his initial recommendation to the district court, Mankins
had ten days in which to file objections to that report and recommendation. Mankins failed to do

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

so.  Because of this failure on Mankins's part, we review the judgment of the district court for plain error.[2]  To prevail Mankins must now show:  that an error occurred;  that the error was clear or obvious;  that the error will affect Mankins's substantial rights; and that failure to correct the error would seriously affect the fairness of the judicial proceedings.[3]

The report of the magistrate judge correctly states that a prisoner's attack on the fact or length of his confinement is properly raised in a petition for habeas corpus, not in a § 1983 claim.[4]  In this case, however, Mankins attacks neither the fact nor the length of his confinement.  Mankins's claim is that his civil rights were violated during the course of a previous investigation which did not result in a conviction.  All the actions Mankins alleges were taken in violation of his civil rights occurred prior to his present incarceration.  Further, Mankins does not seek relief in the form of release from incarceration or a shorter term of incarceration.  Applying the plain error standard to the facts before us, we hold that the district court committed plain error in adopting the recommendation of the magistrate judge.

VACATED AND REMANDED.

---

[2]  Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).

[3]  Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994).

[4]  R.44  (cite omitted).